## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Alfredo Aponte Diaz, et al.,
    Plaintiffs

      v.

Navieras Puerto Rico, Inc., et al.
    Defendants

Civil No. 98-1917 (HL)

## ORDER

Before the Court is Defendant Navieras Puerto Rico's bill of costs for $2,994.30, and Plaintiffs' opposition thereto. Costs are allowed as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Court rules on the requested items in their bill of costs as follows:

### *Transcripts*

Section 1920(2) allows a court to tax as costs court reporter fees for any part of the transcript "necessarily obtained for use in the case." 28 U.S.C.A. § 1920(2) (West 1994). While, like other varieties of costs, the award of transcript costs is within the discretion of the trial court, *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232 (1964), courts have developed standards on the subject. "For the recovery of costs, the transcript need not have been essential to the progress of the litigation, but it must have been "'necessary' to counsel's effective performance or the court's handling of the case.'" *Pan American Grain Mfg. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 34 (D.P.R. 2000).

Defendant requests $1,371.50 for the cost of transcripts of a two day deposition of plaintiff Alfredo Aponte Diaz. However, Defendant admits that it only used excerpts of the



Civil No. 98-1917 (HL)                    2

transcripts of Aponte's deposition in its successful motion for summary judgment.[1]  Plaintiff claims that defendant's use of the transcript was minimal and that the claimed amount is excessive.  Under these circumstances, the Court will allow $600.00 for transcripts, a partial amount of the total expense claimed by Defendant.

### Copies

Defendant seeks $38.80 for copies.  Section 1920 allows for copies "necessarily obtained for use in the case." 28 U.S.C.A. § 1920(4).  The party seeking the cost must show that the copies were necessary and must explain how the documents were used. *Pan American Grain*, 193 F.R.D. at 37 (D.P.R. 2000).  More specifically, "recording what documents were copied and explaining how the documents were used in the case is absolutely necessary before the Court can permit such an award." *Ramos v. Davis & Geck, Inc.*, 968 F.Supp. 765, 782 (D.P.R. 1997).

In this case, Defendant does not identify the documents. Defendant did not file exhibits detailing this expense.  Defendant only states that the copied documents were used as documentary evidence in this case. The Court finds that defendant failed to meet its burden to provide specific information about the incurred costs. Accordingly, the Court will not award costs under this category.

### Translations

Defendant requests $1,584.00 in translation costs.  A court taxes reasonable translation costs rendered in compliance with Local Rule 108(1) and costs for the translation of documents shown to be relevant to the case. *Pan American Grain*, 193 F.R.D. at 38. Defendant states that the translation costs incurred pertained to documents used in support of its motion for summary judgment, including translation of the judgments entered by the state

---

[1] Dkt 54, p.2.

Civil No. 98-1917 (HL)                    3

court on the state law claims.  The Court grants the total amount requested by Defendant.

In conclusion, the Court grants defendant the following costs:

| | | |
|---|---|---|
| Transcripts | $ | 600.00 |
| Translations | $ | 1,584.00 |
| TOTAL | $ | 2,184.00 |

WHEREFORE, the Court allows Defendant's bill of costs in the amount of $2,184.00.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 10, 2002.

HECTOR M. LAFFITTE
Chief U.S. District Judge

s/cs:to ( 3 )
attys/pts
in ICMS
1/11/02